**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sherwin Irving LISNER, a/k/a Jerome Lisner, a/k/a Lerry Lisna, and James Jeffries, Defendants-Appellants.**

**No. 75–1435.**

United States Court of Appeals, Fifth Circuit.

Dec. 29, 1975.

Rehearing Denied Feb. 9, 1976.

Patrick Coleman, Santa Monica, Cal., for Lisner.

Jack Ciolino, New Orleans, La., Paul Antinori, Jr., Tampa, Fla., for Jeffries.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Claude H. Tison, Jr., Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

**1264**

Before TUTTLE, THORNBERRY and COLEMAN, Circuit Judges:

PER CURIAM:

■ This is an appeal from criminal convictions obtained under 18 U.S.C. §§ 2 and 1952, which prohibit interstate travel with the intent to "promote, manage, establish and carry on . . . any unlawful activity," with the latter phrase defined, for purposes of this case, as "any business enterprise involving gambling . . . in violation of the laws of the State in which committed. . . . " 18 U.S.C. § 1952(b)(1). The principal issue before us on this appeal is the sufficiency of the evidence adduced at trial by the Government on the issue of intent. We have examined the record carefully and find sufficient evidence to sustain appellants' convictions under the statute.

The Government's theory at trial was that appellants were professional gamblers who moved from Scottsdale, Arizona to Sarasota, Florida, with the intent to engage in poker games which they planned to win by a system of cheating they had devised. To support this theory, the Government introduced into evidence certain business cards, seized from appellant Jeffries' person at the time of arrest, bearing numerical notations which were interpreted by the Government's expert witness as representing a shorthand system for prearranging a deck of cards so as to obtain desired results in a game of five-card stud poker. This expert witness testified that the cards were identical to those which are usually found in the possession of professional, as opposed to casual, gamblers. Furthermore, a witness at trial who had participated in several poker games with appellants in Sarasota testified that appellant Jeffries had told him that he was "in the gambling business," and that both appellants several times sought to have an opportunity to get into some card games. Both did get into several poker games at which some of the local players lost heavily to each other and to appellants.

■ Appellants have argued that it was apparent from the evidence that they did not win consistently in the games they were shown to have participated in, and that in fact the evidence proved that they were not even particularly good poker players, given the amounts of money they lost in some of the games. The statute, however, does not require that an accused be successful at gambling in order to be found guilty of having travelled interstate in the business of gambling. The evidence described above was introduced not to show that appellants were successful gamblers, but merely to show the professional nature with which they approached this activity, for the purpose of meeting the statute's requirement of participation in gambling as a "business enterprise." We find this evidence to be sufficient to sustain appellants' convictions. Cf. *Rewis v. United States,* 418 F.2d 1218 (5th Cir. 1969), *rev'd on other grounds,* 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971) in which this Court held that it was not a violation of this section for out-of-state persons to come into a state and place a bet in a gambling establishment.

We have examined appellants' remaining points of error and find them to be without merit. The judgment of the district court is consequently affirmed.